UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BARBARA MCKINNEY,

                          Plaintiff,                  **REPORT AND RECOMMENDATION**

        -against-

                                                   06 Civ. 7199 (CLB) (GAY)

NXP SEMICONDUCTORS USA, INC.,

                          Defendant.
------------------------------------------------------------X

TO THE HONORABLE CHARLES L. BRIEANT, United States District Judge:

      Plaintiff Barbara McKinney, proceeding *pro se*, commenced the instant action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, wherein she alleges that her former employer, NXP Semiconductors USA, Inc. ("NXP"),[1] discriminated against her because of her race. Presently before this Court is defendant's motion to dismiss, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure ('FRCP"), on the ground that plaintiff failed to timely serve the summons and complaint. For the reasons that follow, I respectfully recommend that defendant's motion should be denied.

**I. BACKGROUND**

      On August 18, 2006, plaintiff submitted her *pro se* complaint and a request to proceed *in forma pauperis.* The Court granted plaintiff *in forma pauperis* status on September 19, 2006; the Clerk of the Court filed the instant complaint on September 20,

---

[1] NXP is successor to the originally-named defendant, Philips Semiconductors Manufacturing, Inc.

2006. By letter dated December 7, 2006, plaintiff requested an extension of time within which to serve defendant. On December 18, 2006, the undersigned Ordered that defendant must be served by February 1, 2007.

On January 9, 2007, the U.S. Marshal's Service received from plaintiff the Summons and Complaint for service upon defendant. Plaintiff also designated defendant's address as 2070 Route 52, Hudson Valley Research Park, Hopewell Junction, N.Y. 12533. On January 11, 2007, the Marshals attempted service by mail directed to the designated address. On January 23, 2007, the unexecuted process was returned to the Marshals marked "Return to Sender, Unknown at this location."

On January 27, 2007, plaintiff received notification of the failed attempt at service. On January 31, 2007, plaintiff informed the Marshals (by letter) that the address she had previously provided was correct and that it was, in fact, defendant's physical location. On February 8, 2007, the Marshals personally served NXP at the address plaintiff had provided.

## II. DISCUSSION

Defendant presently contends that the complaint should be dismissed because service was effected seven days after the expiration of time to serve under FRCP 4(m) in conjunction with this Court's December 18th Order. Rule 4(m) states, in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The Advisory Committee Notes for Rule 4(m) (1993 Amendments) caution that courts should "take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition."  Further, the Second Circuit has held that Rule 4(m) "is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice."  See Romandette v. Weetabix Co., Inc., 807 F.2d 309, 311 (2d Cir. 1986) (quotation and citation omitted).  Thus, "Rule 4(m) permits the Court to extend the time for service where good cause for delay exists, and therefore to deny a motion to dismiss where service occurred late."  See Kwan v. Schlein, 441 F. Supp.2d 491, 497 (S.D.N.Y. 2006).  "Good cause" under Rule 4(m) "is automatically established when the Marshal's Office has failed to effect service so long as the plaintiff has provided the information necessary to identify the defendants."  See Kavazanjian v. Rice, No. 03-CV-1923, 2005 WL 1377946, at *2 (E.D.N.Y. June 6, 2005).

Here, defendant argues that plaintiff has not demonstrated good cause for her failure to effect service by February 1, 2007 because she provided the Marshals with incorrect contact information.  Defendant specifically argues that plaintiff was aware of its correct mailing address (P.O. Box 1279, Hopewell Junction, New York 12533)[2] but instead provided the Marshals (twice) with defendant's physical location at the Hudson Valley Research Park.  Defendant asserts that any mail sent to the Hudson Valley Research Park address would be undeliverable.  See Voorhis Aff. at ¶ 3-4.

---

[2] Appears as "P.O. Box 2179" in defendant's submissions, apparently due to typographical error.  See Affidavit of Ronald Van Voorhis in Further Support of the Motion ("Voorhis Aff."), ¶ 5-6.

-3-

Plaintiff does not dispute that defendant's correct mailing address is the P.O. Box in Hopewell Junction, or that she was aware of the correct mailing address at the time she was in contact with the Marshals. However, plaintiff contends that she twice provided the Marshals with defendant's <u>physical</u> address because, based upon her communication with the Pro Se Office, she understood that the Marshals would <u>personally</u> serve process upon defendant. <u>See</u> "Motion to Counter Defendant's Motion to Dismiss" at 2. Plaintiff also believed that the Summons and Complaint could not be mailed because they required a signature. <u>See</u> <u>id.</u>

Although plaintiff mistakenly believed that service would not be attempted by mail, there is no indication that her mistake was intentional or unreasonably careless. More to the point, in light of her understanding that the Marshals would personally serve defendant, plaintiff's efforts were reasonably calculated to effect service. Significantly, defendant has received actual notice and does not argue that it was prejudiced by the seven-day delay in service. In sum, I conclude that plaintiff has demonstrated good cause for failure to serve defendant by February 1, 2007. Accordingly, I respectfully recommend that defendant's motion to dismiss should be denied.

### III.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. <u>See</u> Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to

the chambers of The Honorable Charles L. Brieant, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude appellate review of any order of judgment that will be entered. See Small v. Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections shall be made to The Honorable Charles L. Brieant and not to the undersigned.

Dated: June 19, 2007
White Plains, New York

Respectfully submitted,

_____
GEORGE A. YANTHIS, U.S.M.J.